UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Docket No. 17-40049-TSH |
| ENRI NEMIAS VEGA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM PURSUANT TO LOCAL RULE 116.5(a)

The United States of America, through Assistant United States Attorney Greg A. Friedholm, hereby submits this memorandum addressing Local Rule 116.5(a).

**I.      Local Rule 116.5(a)(1)**

On November 11, 2017, at the time of the defendant's initial appearance, the government produced automatic discovery as required by Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts.  The government is not aware of any additional outstanding automatic discovery, but should the government become aware of any such discovery, it will immediately disclose such to defense counsel.

**II.     Local Rule 116.5(a)(2)**

The government will provide discovery in response to any future request(s) according to the local rules and pursuant to the Federal Criminal Rules of Criminal Procedure, including any supplemental discovery if any additional materials are obtained.

**III.    Local Rule 116.5(a)(3)**

The government and the defendant are presently engaged in discussions to resolve this matter by plea in the near future.  Accordingly, the government requests an additional 14 days to

afford defense counsel an opportunity to review the proposed plea agreement with the defendant.

### IV.     Local Rule 116.5(a)(4)

At this time, the government is not seeking any protective orders to prevent the disclosure or dissemination of sensitive information concerning victims, witnesses, defendants, or law enforcement sources or techniques.   The parties reserve the right to seek such orders in the future, should the need arise.

### V.     Local Rule 116.5(a)(5)

The government states that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b) and requests that a motion date under Fed. R. Crim. P. 12(c), if necessary, be set at the next status conference.

### VI.     Local Rule 116.5(a)(6)

The government proposes that expert disclosures for the government, if any, be due 45 days before trial and that the defendant's expert disclosures, if any, be due 21 days before trial.

### VII.     Local Rule 116.5(a)(7)

The government asserts that the period from the defendant's initial appearance and arraignment on November 3, 2017 until December 1, 2017, the date set for the initial status conference, was properly excluded by this Court's order on excludable delay. The government further requests that the period between December 1, 2017, and the next status conference be excluded because the parties have been and are using the period of the continuance to continue the negotiations to resolve the matter short of trial.   Therefore, the government requests that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

**VIII.   Local Rule 116.5(a)(8)**

The government requests that an interim status conference date be established approximately 21 days in the future.

                                    Respectfully submitted,

                                    WILLIAM D. WEINREB
                                    ACTING UNITED STATES ATTORNEY

By:   */s/ Greg A. Friedholm*
             Greg. A. Friedholm
             Assistant United States Attorney
             595 Main Street
             Worcester, Massachusetts 01608

Date: December 1, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    */s/ Greg A. Friedholm*
                                    Greg A. Friedholm
                                    Assistant U.S. Attorney

Date: December 1, 2017